IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WOODROW DUNN, JR.,

    Plaintiff,

vs.                                                                                                No. CIV 18-0528 JB/SCY

BRYAN COLLOPY, and LEA COUNTY
PUBLIC DEFENDER'S OFFICE,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on: (i) Plaintiff's Civil Rights Complaint, filed June 7, 2018 (Doc. 1)("Complaint"); and (ii) the Motion to Proceed In Forma Pauperis, filed June 25, 2018 (Doc. 7)("Motion"). Plaintiff Woodrow Dunn, Jr., is incarcerated and proceeds pro se. Because he failed to comply with two orders directing him to pay the filing fee or file a properly supported in forma pauperis application, the Court will dismiss the case without prejudice.

## PROCEDURAL BACKGROUND

Dunn filed his Complaint on June 7, 2018. See Complaint at 1. He seeks money damages against Defendant Bryan Collopy, a state public defender, for allegedly making "unprofessional error[s]" and providing ineffective assistance in connection with Dunn's criminal trial. Complaint at 1-3. On June 7, 2018, the Court referred the matter to the Honorable Steven C. Yarbrough, United States Magistrate Judge, for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases at 1, filed June 7, 2018 (Doc. 2).

Magistrate Judge Yarbrough entered his first Order to Cure Deficiency on June 14, 2018. See Order, filed June 14, 2018 (Doc. 3)("First Order"). The First Order sets a July 14, 2018

deadline for Dunn to prepay the $400 civil filing fee for this action or, alternatively, submit an application to proceed in forma pauperis along with a certified copy of his inmate account statement for the period between December 6, 2017 and June 6, 2018.  See First Order at 1.  The First Order also directs the Clerk of Court to mail to Dunn a form Application to Proceed in District Court Without Prepaying Fees or Costs, which includes instructions on providing a six-month account statement.  See First Order at 2.

Dunn timely filed an in forma pauperis application, but he did not attach a certified six-month account statement.  See Motion at 1.  Instead, he included a blank offender account activity statement with his own handwritten notes reflecting that his balance did not exceed 96 cents between January 10, 2018 and June 1, 2018.  See Motion at 5.  The submission did not comply with the in forma pauperis statute, which provides:

> A prisoner seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint.

28 U.S.C. § 1915(a)(2)

Magistrate Judge Yarbrough set a second deadline of August 13, 2018 to submit a certified inmate account statement reflecting all transactions during the six-month period immediately preceding this action.  See Order at 1, filed July 13, 2018 (Doc. 11)("Second Order").  The Second Order again warns that the "[f]ailure to timely comply may result in dismissal of this action without further notice."  Second Order at 1.  Dunn did not submit an additional account statement or show cause for his failure to comply.

## **ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of

an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (citation omitted)).  As the United States Court of Appeals for the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation."  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

In light of Dunn's failure to comply with two prior court orders, and because he has still not sufficiently explained his refusal to provide a certified trust account statement, the Court will dismiss this case without prejudice pursuant to rule 41(b).  See Olsen v. Mapes, 333 F.3d 1199 at 1204.  The Court will also deny as moot Dunn's Motion to Proceed In Forma Pauperis and his Motion for an Order Determining Liability, filed July 13, 2018 (Doc. 10).

**IT IS ORDERED** that: (i) the Motion to Proceed In Forma Pauperis, filed June 25, 2018 (Doc. 7) and the Motion for an Order Determining Liability, filed July 13, 2018 (Doc. 10), are denied as moot; (ii) the Civil Rights Complaint, filed June 7, 2018 (Doc. 1), is dismissed without prejudice; and (iii) the Court will enter a separate Final Judgment disposing of this case.

                                              _____
                                              UNITED STATES DISTRICT JUDGE

*Parties:*

Woodrow Dunn, Jr.
Northeast New Mexico Detention Facility
Clayton, New Mexico

        *Plaintiff pro se*