IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WOODROW DUNN, JR.,

    Plaintiff,

vs.                                                                                                                                          No. CIV 18-0528 JB\SCY

BRYAN COLLOPY, and LEA COUNTY
PUBLIC DEFENDER'S OFFICE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Reconsider, filed September 6, 2018 (Doc. 18)("Motion"). Plaintiff Woodrow Dunn, Jr. is incarcerated and proceeding pro se. Dunn asks the Court to set aside the Final Judgment, filed August 28, 2018 (Doc. 17), dismissing his Civil Rights Complaint, filed June 7, 2018 (Doc. 1)("Complaint"), for failing to comply with Court orders. Because Dunn does not demonstrate grounds for reconsideration pursuant to rule 59 of the Federal Rules of Civil Procedure, the Court will deny the Motion.

## PROCEDURAL BACKGROUND

Dunn filed his Complaint on June 7, 2018. See Complaint at 1. He seeks money damages against Defendant state public defender Bryan Collopy for allegedly making "unprofessional error[s]" and providing ineffective assistance in connection with Dunn's criminal trial. Complaint at 1-3. On June 7, 2018, the Court referred the matter to the Honorable Steven C. Yarbrough, United States Magistrate Judge for the District of New Mexico, for recommended

findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed June 7, 2018 (Doc. 2).

Magistrate Judge Yarbrough entered his first Order to Cure Deficiency on June 14, 2018. See Doc. 3 ("Order").  The Order set a deadline of July 14, 2018, for Dunn to prepay the $400.00 civil filing fee for this action or, alternatively, to submit an application to proceed in forma pauperis along with a certified copy of his inmate account statement for the period between December 6, 2017, and June 6, 2018.  See Order at 1.  The Order also directed the Clerk of Court to mail to Dunn a form Application to Proceed in District Court Without Prepaying Fees or Costs, which includes instructions on providing a six-month account statement.  See Order at 2.

Dunn timely filed an in forma pauperis application, but he did not attach a certified six-month account statement.  See Application to Proceed in District Court Without Prepaying Fees or Costs, filed June 25, 2018 (Doc. 7)("Application").  Instead, he included a blank offender account activity statement with his own handwritten notes reflecting that his balance did not exceed ninety-six cents between January 10, 2018, and June 1, 2018.  See Application at 5.  The submission did not comply with the in forma pauperis statute, which provides: "A prisoner seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint . . . ."  28 U.S.C. § 1915(a)(2).

By a Second Order, entered July 13, 2018, Magistrate Judge Yarbrough set a second deadline of August 13, 2018, to submit a certified inmate account statement reflecting all transactions during the six-month period immediately preceding this action.  See Second Order

to Cure Deficiency, filed July 13, 2018 (Doc. 11)("Second Order"). The Second Order again warned that the "[f]ailure to timely comply may result in dismissal of this action without further notice." Second Order at 1. Dunn did not submit any additional account statement or show cause for his failure to comply. Instead, he sent three handwritten submissions arguing the merits of his case. See Supplement to Complaint, filed July 17, 2018 (Doc. 12); Letter by Woodrow Dunn, filed July 18, 2018 (Doc. 13); Supplement to Complaint, filed July 19, 2018 (Doc. 14).

On August 28, 2018, the Court entered a Memorandum Opinion and Order of Dismissal (Doc. 16)("MOO"), along with the Final Judgment. The Court observed:

> Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (citation omitted)). As the United States Court of Appeals for the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." See Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).
>
> In light of Dunn's failure to comply with two prior court orders, and because he has still not sufficiently explained his refusal to provide a certified trust account statement, the Court will dismiss this case without prejudice pursuant to rule 41(b). See Olsen v. Mapes, 333 F.3d 1199 at 1204.

MOO at 2-3 (alterations in original).

On September 6, 2018, Dunn filed the Motion, which primarily addresses the merits of his civil rights case. See Motion at 1-7. Thereafter, he filed a series of appendices, supplements,

- 3 -

and letters seeking reconsideration of the dismissal order.  See Appendix/Supplement to Motion for Reconsideration, filed September 7, 2018 (Doc. 19); Appendix/Supplement to Account Balance Records, filed September 7, 2018 (Doc. 20); Amended Appendix/Supplement to Complaint, filed September 11, 2018 (Doc. 21); Appendix/Supplement of New Evidence, filed September 13, 2018 (Doc. 22); Notice of Professional Code of Conduct, filed September 17, 2018 (Doc. 23); Notice of New Evidence, filed September 17, 2018 (Doc. 24); Letter by Woodrow Dunn, filed September 19, 2018 (Doc. 25)("Sept. 19 Letter"); Appendix/Supplement Requesting a Hearing, filed September 19, 2018 (Doc. 26); Letter by Woodrow Dunn, filed September 24, 2018 (Doc. 27)("Sept. 24 Letter").  The filings attach various copies of his six-month account statement, which he initially refused to provide.  See, e.g., Appendix/Supplement to Account Balance Records at 4; Sept. 19 Letter at 2.  Dunn appears to argue that the Court should set aside the dismissal order based on his belated compliance with the Court's previous cure orders.  See Sept. 24 Letter at 2.  He also seeks reconsideration based on "new evidence," which consists of an emergency room record from 2013.  See Notice of New Evidence at 2-5.

**ANALYSIS**

A motion to alter or amend a judgment filed within twenty-eight days of its entry is generally analyzed under rule 59(e).  See Manco v. Werholtz, 528 F.3d 760, 761 (10th Cir. 2008); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).  Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  A district court has considerable

discretion in deciding whether to disturb a judgment under rule 59(e). See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

After carefully reviewing Dunn's filings, the Court concludes that he has not demonstrated grounds for relief under rule 59(e). The law regarding rule 41 dismissals has not changed. Further, it is not clear how a newly proffered medical record from Dunn's 2013 emergency room visit relates to Dunn's refusal to submit an inmate account statement. Even if it were related, Dunn has not explained how his 2013 medical record was unavailable in August 2018, when the Court dismissed the case. See Servants of Paraclete v. Does, 204 F.3d at 1012 (reconsideration is warranted only where the new evidence was unavailable at the time of the original ruling). Finally, the Court is not convinced reconsideration is necessary to prevent injustice. The dismissal is without prejudice, and there is no indication from the record that the action is time-barred if filed anew. The only tangible penalty for Dunn's repeated failure to submit his account statement is that he must file a new complaint and a new in forma pauperis application. The Court will therefore deny the Motion, but direct the Clerk's Office to send Dunn the form civil rights complaint and in forma pauperis application, in the event he still wishes to pursue his civil rights claims.

**IT IS ORDERED** that: (i) the Motion to Reconsider, filed September 6, 2018 (Doc. 18), is denied; and (ii) the Clerk's Office shall mail to the Plaintiff a form civil rights complaint and in forma pauperis application.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Woodrow Dunn, Jr.
Northeast New Mexico Detention Facility
Clayton, New Mexico

    *Plaintiff pro se*